Le Roy Keebler and Genevieve Keebler v. Commissioner.
Keebler v. Commissioner
Docket No. 5060-67.
United States Tax Court
T.C. Memo 1969-198; 1969 Tax Ct. Memo LEXIS 95; 28 T.C.M. (CCH) 1042; T.C.M. (RIA) 69198; September 29, 1969, Filed. William Elden, for the petitioners. Richard M. Kates, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: The respondent determined a deficiency of $1,767.07 in petioners' income tax for their taxable year 1964. There are two issues, both involving the deductibility, under section 215, [1] of certain payments made by petitioner Le Roy Keebler during 1964. *96 All of the facts have been stipulated and are found accordingly. Petitioners were husband and wife at the end of 1964. They had their legal residence in Oak Lawn, Illinois, at the time the petition herein was filed. They filed a joint Federal income tax return for the taxable year 1964 with the district director of internal revenue at Chicago, Illinois. Genevieve Keebler is a party to this proceeding only by virtue of being the wife of Le Roy Keebler. Any reference to 1043 "petitioner" herein shall be deemed to mean Le Roy Keebler. Petitioner was divorced from his former wife under a decree of divorce by the Circuit Court of Cook County, Illinois, entered on June 19, 1964. A written Stipulation and Agreement bearing the same date and only the signature of the Circuit Court Judge was attached to, and made part of, the decree. The Stipulation and Agreement on its face settled all of the rights of the parties growing out of the marital relationship, including property, dower, and homestead, support or alimony, and custody of the minor children of the marriage. The specific provisions involved herein are: 1. That Plaintiff be awarded the realty at 11415 South Natoma, Worth, *97 Illinois, subject to existing mortgage of approximately $4,200.00; that Defendant execute such quitclaim deeds, insurance assignments and other documents, now or hereafter necessary, to effectuate said award; that Plaintiff assume, pay and indemnify Defendant on said existing mortgage; that Defendant assume, pay and indemnify Plaintiff on any other liens or indebtedness which he may have incurred individually against said realty. * * * 7. That the Defendant pay the sum of $25.00 per week to the Plaintiff as alimony, and further provide that the Plaintiff may earn by working an additional sum up to and including $60.00 per week without modifying the alimony payment. During 1964, petitioner paid his former wife $600 before, and $700 after, the entry of the decree. In addition, he conveyed title to the realty in Worth, Illinois, which is stipulated to have had a fair market value of $8,000. Petitioners deducted the aggregate of these sums, or a total of $9,300, on their 1964 return. The dispute herein centers on that part of the deduction represented by the $8,000 value of the realty and the pre-decree payments aggregating $600. [2]
*98 In order for petitioner to prevail, he must show that the payments in question were includable in his former wife's gross income as "periodic payments" received by her "after" or "under" a decree of divorce or separate maintenance, a written separation agreement, or a decree of support. Section 71. We deal first with the transfer of the realty. By no stretch of the imagination can it be considered as one of a series of payments so as to be "periodic." Cf. , affd. (C.A. 8, 1951). The provision requiring its transfer was not labelled alimony as was the $25 weekly payment provided for by the agreement. It simply represented an element of the settlement of the property rights between petitioner and his former wife and should be treated as such for income tax purposes. Mary Schwab, 52 T.C. - (Aug. 14, 1969), and cases cited therein. It is not deductible. Petitioners rely on (C.A. 5, 1956), reversing a Memorandum Opinion of this Court. In that case, the divorce decree clearly labelled the transfer of realty "alimony to plaintiff [the wife] in addition *99 to the cash payments hereinabove provided for." In addition, the decree provided that alimony payments were to cease in the event of the wife's death or remarriage prior to completion of the payments. Neither the Stipulation and Agreement herein, nor the decree itself, incorporates any such characterization or condition. The case is therefore clearly distinguishable. As to the $600 paid before the entry of the divorce decree, the petitioner must also fail. The parties have stipulated that no part of said sum was paid under a decree of separate maintenance, a written separation agreement, or a decree for support. Clearly, since the payments preceded the June 19, 1964 date, they cannot be said to have been made "under" the decree of divorce. They therefore are not income to petitioner's former wife under section 71 and consequently are not deductible by petitioner under section 215. Cf. , reversed in part and affirmed in part on other grounds, (C.A. 7, 1956); . Petitioner seeks to avoid this conclusion by arguing that the payments were made "pursuant to the *100 agreement entered into by them [petitioner and his former wife] as part of the Stipulation" and that, if they had not been so made, petitioner's former wife "would have sought and obtained a temporary court order authorizing 1044 these payments." As to the latter element, even if what petitioner's former wife might have done were material (and we do not think it would be), there is no evidence on this score in the record before us. Our findings of fact show that the Stipulation and Agreement was signed only by the judge and dated June 19, 1964. If there was any agreement between petitioner and his former wife prior to that date, it was an oral agreement which clearly does not meet the requirements of section 215. Petitioner's argument is therefore without merit. Decision will be entered for the respondent. Footnotes
1. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d), or 682, the amount thereof is not includible in the husband's gross income.↩
2. The deductibility of the post-decree payments aggregating $700 is not in dispute.↩